UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0117-B |
| | § | |
| JORGE ANAYA-GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Jorge Anaya-Gonzalez's Motion to Reduce Sentence (Doc. 40). Anaya is seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *Id*. For the following reasons, Anaya's Motion is **DENIED WITHOUT PREJUDICE.**

**I.**

**BACKGROUND**

On August 20, 2020, Anaya pleaded guilty to engaging in Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). Doc. 31, Order, 1. The Court subsequently sentenced Anaya to 135 months of imprisonment. Doc. 38, Judgment, 2. Anaya is currently forty-three years old and is confined at the Federal Correctional Institution ("FCI") Fort Dix. His current projected release date is October 8, 2026.[1]

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc/.

-1-

Anaya filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1). Doc. 40, Mot. He argues that his health, prison conditions, and rehabilitation support reducing his sentence. *Id.* at 2–7.[2] The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States. v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court denies Anaya's motion for compassionate release because he has not exhausted his administrative remedies, and he has not demonstrated extraordinary and compelling reasons for a sentence reduction.

A.   *Anaya Did Not Prove He Exhausted His Remedies.*

A defendant can only bring a motion for compassionate release under § 3582(c)(1)(A) "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This Court has found that "submission of a request is insufficient for exhaustion." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL

---

[2] The citations to Anaya's Motion for Compassionate Release (Doc. 40) refer to the pagination on the Case Management/Electronic Case Files system.

1662497, at *1 (N.D. Tex. Apr. 28, 2021) (Boyle, J.). Instead, exhaustion requires proof that the warden *received* the defendant's request. 18 U.S.C. § 3582(c)(1)(A); *see also, e.g.*, *United States v. Carrera*, No. 3:14-CR-0367-B-40, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (Boyle, J.) (denying compassionate release where defendant "attache[d] to his motion a letter . . . in which he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Here, the Court finds that Anaya has not satisfied the exhaustion requirement. In support of his Motion, Anaya claimed that he mailed the warden a request for compassionate release. Doc. 40, Mot., 2. He also attached copies of his letter to the warden and a handwritten, unstamped envelope addressed to the warden. Doc. 40, Mot., 10–12. However, Anaya failed to attach any evidence establishing the warden *received* his letter. Thus, Anaya has failed to meet his burden of proving that he exhausted his administrative remedies. *See Carrera*, 2020 WL 6545982, at *2. Even though Anaya failed to satisfy the exhaustion requirement, the Court will still address the merits of Anaya's Motion.

B.  *Anaya Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Anaya has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. See *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to promulgate "general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary

and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States. v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. See U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.l. However, § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392-93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting § 1B1.13 is "not dispositive" but "guid[ing]"). Considering Anaya's Motion in light of § 1B1.13, the Court concludes that Anaya has not demonstrated "extraordinary and compelling reasons" warranting compassionate release.

Anaya presents five arguments for why he should be granted compassionate release: (1) his poor health; (2) general prison conditions; (3) an intervening change in law; (4) he will likely be deported after his sentence; and (5) rehabilitation. Doc. 40, Mot., 3–7. The Court addresses each argument in turn.

First, the Court concludes that Anaya's health, in relation to the COVID-19 pandemic, does not warrant compassionate release. The Fifth Circuit has noted that a medical condition might warrant compassionate release "where the defendant has either a terminal illness or a condition that substantially diminishes the ability of the defendant to provide self-care." *Thompson*, 984 F.3d 431, 433 (citation omitted). Additionally, a defendant could potentially demonstrate an extraordinary and compelling reason warranting compassionate release by demonstrating that his facility "is ill-quipped to meet [the defendant's] medical needs." *Ware*, 2021 WL 1662497, at *3.

Anaya claims to have high blood pressure and high cholesterol, which he argues "exposes him to higher risk if he contracts Covid-19." Doc. 40, Mot., 6. However, he has not provided any medical records to prove he suffers from these conditions. Doc. 40, Mot., 6, 12; *see United States v. Laster*, No. 3:21-CR-0320-B-1, 2023 WL 3237516, at *2 (N.D. Tex. May 3, 2023) (Boyle, J.) (denying compassionate release when a defendant had "not attached any medical records supporting his claims that he is experiencing such symptoms"). Regardless, the Court finds that his conditions do not constitute an extraordinary and compelling reason because he has not presented any evidence that his health conditions prevent him from providing self-care. *See Thompson*, 984 F.3d at 435 (affirming a denial of compassionate release because a defendant with hypertension and high cholesterol was "an otherwise healthy defendant with two well-controlled, chronic medical conditions"). Nor has Anaya alleged that FCI Fort Dix is unable to effectively address his health concerns. *See Ware*, 2021 WL 1662497, at *3.

Second, Anaya's complaints about FCI Fort Dix do not warrant compassionate release because they are common to every prisoner at his facility. "[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements about . . . the propriety

of incarceration for all inmates at a given facility." *Id.* (citation omitted). Here, Anaya presented nothing about the FCI Fort Dix's conditions that, specific to him, would otherwise warrant compassionate release. *See United States v. Garcia*, No. 3:15-CR-0194-B-1, 2021 WL 3269774, at *4 (N.D. Tex. July 30, 2021) (Boyle, J.) (explaining that mold at defendant's confinement facility was insufficient because "these purported conditions at [detention facility] are not specific to [defendant] and do not warrant her compassionate release").

Third, any intervening change in law does not warrant compassionate release. Anaya argues that he would have received a lesser sentence today because of the Zero-Point Offender Amendment to the Federal Sentencing Guidelines. Doc. 40, Mot., 5. An intervening change in the law can be an extraordinary circumstance if (1) the defendant received an "unusually long sentence," (2) he has served at least ten years of that sentence, and (3) there is a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Here, Anaya has only served approximately four years of his sentence, so any change to the sentencing guidelines does not rise to the level of extraordinary and compelling. *See id.*

Fourth, the fact that Anaya might be deported after his sentence does not independently warrant compassionate release. It appears that Anaya is requesting the Court to grant compassionate release to expedite his deportation. *See* Doc. 40, Mot., 6–7. But this does not constitute an extraordinary and compelling reason to warrant compassionate release. *See United States v. Sila*, No. 3:16-CR-0448-B, 2022 WL 800113, at *4 (N.D. Tex. Mar. 16, 2022) (Boyle, J.).

Fifth, Anaya's rehabilitation does not constitute an extraordinary and compelling reason to warrant compassionate release. Though the Court commends Anaya's progress on rehabilitation, "a defendant's rehabilitation is not alone sufficient to justify a sentence reduction under

§ 3582(c)(1)(A)." *See United States v. Howard*, No. 3:15-CR-00501-N-2, 2024 WL 3404611, at *3 (N.D. Tex. July 12, 2024) (Godbey, C.J.).

In sum, Anaya's personal circumstances do not rise to the level of extraordinary and compelling as necessary to warrant compassionate release. Given these threshold obstacles to Anaya's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

## IV.

## CONCLUSION

Anaya's Motion to Reduce Sentence fails because he has not exhausted his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Anaya's Motion (Doc. 40) **WITHOUT PREJUDICE.**

By denying Anaya's Motion without prejudice, the Court permits Anaya to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

SO ORDERED.

SIGNED: December 2, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE